UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL W. GAHAGAN                               CIVIL ACTION

VERSUS                                           NO. 15-6218

UNITED STATES CITIZENSHIP AND                    SECTION A(3)
IMMIGRATION SERVICES, ET AL.

## ORDER AND REASONS

The following motion is before the Court: **Motion for Attorney's Fees (Rec. Doc. 110)** filed by plaintiff Michael Gahagan. Defendants United States Citizenship and Immigration Services ("USCIS") and United States Customs and Border Protection ("CBP") (at times collectively "Defendants" or "the Government") oppose the motion. The motion, scheduled for submission on December 13, 2017, is before the Court on the briefs without oral argument.

This Freedom of Information Act ("FOIA") case involves a dispute between Michael W. Gahagan, an immigration attorney, and the defendant federal agencies. Gahagan submitted two FOIA requests in his own name to Defendants seeking the production of agency records for use in representing one of his clients in pending removal proceedings. Gahagan filed FOIA requests with USCIS and CBP on July 27, 2015 and July 29, 2015, respectively, seeking specific agency records. Gahagan's allegation with respect to both agencies is that they refused to conduct a legally adequate search responsive to his FOIA requests, refused to produce all responsive agency records in their possession, and failed to produce a legally adequate *Vaughn* index. (Rec. Doc. 1, Complaint ¶¶ 21 & 25). Gahagan prayed for declaratory and injunctive relief in order to obtain the agency documents responsive to his FOIA requests as well as attorney's fees. (*Id.* ¶ 35). (Rec. Doc. 53, Court's Order and Reasons at 1-2).

Following several rounds of motions, the case was concluded via a final judgment on November 3, 2017.

Gahagan now moves for attorney's fees and costs in the amount of $23,211.90 pursuant to 5 U.S.C. § 552(a)(4)(E)).

The Court may assess against the United States attorney's fees and litigation costs reasonably incurred in a FOIA case in which the complainant has substantially prevailed. 5 U.S.C. § 552(a)(4)(E)(i). A complainant has substantially prevailed if he has obtained relief through either a judicial order or a voluntary or unilateral change in position by the agency if the complainant's claim is not insubstantial. *Id.* § 552(a)(4)(E)(ii)(I-II).

As to attorney's fees, this Court finds persuasive the thorough opinion recently authored by Judge Feldman in which he concluded that Gahagan could not, as a pro se attorney, recover attorney's fees under the FOIA. *Gahagan v. USCIS*, No. 16-15438, 2017 WL 4003851 (E.D. La. Sept. 12, 2017). Chief Judge Engelhardt has also adopted this opinion when holding that Gahagan cannot collect attorney's fees as a matter of law. *Gahagan v. USCIS*, No. 13-5526, 2017 WL 4168409 (E.D. La. Sept. 20, 2017). The request for attorney's fees is denied.

The Court notes, however, that both Judge Feldman and Judge Engelhardt awarded Gahagan the litigation costs that he requested. The amount of costs requested in this case totals $1,341.90.

The Government suggests that the timing of the FOIA productions in this case was consistent with mere routine administrative processing delays as opposed to having been catalyzed by the filing of this lawsuit. In fact, the Government adds that Gahagan's aggressive litigation tactics more likely than not caused additional delays in production.

The Court is persuaded that Gahagan is entitled to litigation costs. The FOIA requests at issue in this case were submitted on July 27, 2015 and July 29, 2015. Gahagan did not race to the courthouse but instead filed his Complaint on November 22, 2015, which was four months after submitting his FOIA requests, and after having received no records from either of the defendant agencies. Based on the chronology of the record productions, see Rec .Doc. 110-2 at 7 n.7, the Court finds it more likely than not that the lawsuit served as a catalyst for at the very least the earlier record productions. Plaintiff's claim was not insubstantial.

That said, the Court has no reason to question the Government's assertion that a legally adequate search would have been conducted and the records would have been produced ultimately following the attendant administrative delays. The Court therefore sees no reason that the printing costs for the various record productions, which presumably are borne by the requesting party under FOIA, should be foisted upon the Government as a litigation cost. The Court deducts those printing costs of $814.50 from the amount requested. The cost award will be $527.40, which more accurately reflects the litigation costs incurred.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Attorney's Fees (Rec. Doc. 110)** filed by plaintiff Michael Gahagan is **GRANTED IN PART AND DENIED IN PART**. The motion is denied as to the request for attorney's fees and granted insofar as the Court awards the plaintiff Michael Gahagan $527.40 in costs.

December 19, 2017

                                            JUDGE JAY C. ZAINEY
                                        UNITED STATES DISTRICT JUDGE